UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE A. PRIAST,<br><br>    Plaintiff,<br><br>    v.<br><br>NEIMAN MARCUS GROUP, INC.,<br><br>    Defendant. | Case No. 19-cv-07304-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**<br><br>Docket No. 1 |

## I.     INTRODUCTION

Plaintiff is Felipe A. Priast ("Mr. Priast" or "Plaintiff"), is a former employee of Defendant, Nieman Marcus Group, Inc. ("Defendant" or "Neiman Marcus"). Mr. Priast brought claims against Defendant alleging sexual harassment and stereotype discrimination in an arbitration procedure administered by JAMS. He now seeks an order from the Court vacating the arbitration award. Because the Court finds that there is no arbitration award to vacate, the Court **DENIES** Plaintiff's Motion to Vacate Arbitration Award.

## II.     BACKGROUND

Plaintiff alleges as follows. "While working at Neiman Marcus LLC as a Sales Representative between October 26, 2016 and February 22, 2017, Stanford, CA, Claimant was the victim of sexual harassment at the hands of his manager." Motion to Vacate Arbitration Award ("Mot.") at 5, Docket No. 1. Plaintiff also alleges that he experienced ongoing "stereotype discrimination" at the hands of another sales representative. *Id.* at 6.

Plaintiff believes that in early 2017 Neiman Marcus began to search for "a pretextual excuse" to fire him. *Id.* at 5. In January 2017, Plaintiff was put on temporary leave and was then terminated one month later, "based on the pretextual excuse that he was combative." *Id.* at 6

United States District Court
Northern District of California

(internal quotation marks omitted). After receiving a Right to Sue letter from the EEOC in September 2018, "[p]ursuant of the terms of the Mandatory Arbitration Agreement existing between Neiman Marcus Group and Claimant at that time, Claimant filed for Arbitration with JAMS [in] October 2018." *Id.* at 7. Deborah Crandall Saxe was appointed as Arbitrator. *Id.*

On January 28, 2019, Plaintiff and Neiman Marcus met and conferred for the first time with the Arbitrator, and they agreed to an initial exchange of documents by February 19, 2019. *Id.* at 8. On July 9, 2019, after documents had been exchanged by the parties, the Arbitrator held a hearing regarding three motions that had been filed by Plaintiff: "(1) a motion to Compel Further Evidence, (2) a motion to Quash Subpoenas; (3) and a motion for Sanctions." *Id.* at 10. After the arbitrator denied all three of Plaintiff's motions, Plaintiff "concluded that the arbitration proceedings were over," since "the arbitrator ha[d] explicitly sided with Respondent to deny justice to Claimant." *Id.* Plaintiff wrote an email to the Arbitrator and to counsel for Neiman Marcus, "informing them of his intention to drop from arbitration (although stating clearly that [he] was not dropping the charges against Neiman)." Amended Declaration of Felipe Priast ("Amended Decl.") ¶ 25, Docket No. 16. In that email, Plaintiff wrote:

> I'm not continuing with this sham of an arbitration procedure, this is the last drop. I'm officially informing you that I'm dropping from this FRAUD of arbitration procedure and in the incoming weeks I will be filing in Court against Neiman Marcus. I'm not, I repeat, I'm not dismissing the counts.

Exhibit 8 to Mot., Emails between Felipe Priast, Littler Attorneys, and personnel at JAMS ("Arb. Emails") at ECF Page 64, Docket No. 1. In a subsequent email to an attorney for Neiman Marcus, Mr. Priast wrote: "I have quit the arbitration proceedings with JAMS." Arb. Emails at ECF Page 63; *see also* Email from Mr. Priast to Littler Legal Secretary on July 23, 2019, Docket No. 8-2 ("[R]ead your emails from last week, please, I'm no longer in this 'Mickey Mouse' proceedings [sic] at JAMS, arbitration is over (for me)….").

On August 1, 2019, the Arbitrator issued a Withdrawal Notice, indicating that Mr. Priast had sent an email to one of her assistants on July 31, 2019, which said that "he is not continuing with this arbitration proceeding." *See* Exhibit 9 to Mot., First Withdrawal Notice ("WN1") at ECF Page 66, Docket No. 1. As a result, the Arbitrator indicated that she considered Mr. Priast's email

2

"to be a unilateral withdrawal of Claimant's claims without prejudice pursuant to Rule 13(b) of JAMS Employment Arbitration Rules & Procedures." *Id.* She provided Neiman Marcus until August 7, 2019 to respond (as required by JAMS Rule 13, quoted above). Mr. Priast informed the Arbitrator that he had not sent her assistant an email on that date, but had instead sent an email on July 15, 2019 "communicating [his] intention to drop from those fraudulent arbitration proceedings." The Arbitrator then issued an amended Withdrawal Notice noting that the email from Mr. Priast had been received on July 15, 2019 and that the matter had been deemed withdrawn without prejudice, effective July 22, 2019. *See* Amended Decl. ¶¶ 29, 30; *see also* Exhibit 10 to Mot., Second Withdrawal Notice ("WN2") at ECF Page 68, Docket No. 1. At that point, Neiman Marcus objected to the notice on the grounds that it had not been permitted seven days to respond, pursuant to JAMS Rule 13(b). *See* Exhibit 11 to Mot., Email from Theodora Lee at ECF Page 70, Docket No. 1. The arbitrator subsequently closed the arbitration file on August 13, 2019. Amended Decl. ¶ 32; *see also* Notice of Closing File at ECF Page 60, Docket No. 8-2. On November 1, 2019, Plaintiff filed his Motion to Vacate Arbitration Award in this Court. *See* Docket No. 1.

### III. DISCUSSION

A. Legal Standard

The Federal Arbitration Act ("FAA") governs the role of federal courts in reviewing arbitration decisions. Section 9 of the FAA provides that a federal district court "must" confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Judicial review of an arbitration award is thus "both limited and highly deferential." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review" of an arbitration award under the FAA. *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (quoting *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009)).

The "burden of establishing grounds for vacating an arbitration award is on the party

3

seeking it." *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.,* 591 F.3d 1167, 1173 (9th Cir. 2010). Section 10 of the FAA permits a court to vacate an award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3).

B.  Analysis

The critical factor here is the fact that *there is no arbitration award to vacate*; thus, the Court cannot provide the relief Mr. Priast seeks. Although Plaintiff alleges many grievances with the arbitration procedure, he ultimately concedes there is no final award. As noted in his Reply: *"*Claimant agrees with Respondent when it says that 'responding to this motion is difficult because there was no award granted in arbitration'. That is true, no award was granted and Claimant struggled himself with that while writing his motion because he was quite aware of this." Reply in Support of Motion to Vacate Arbitration Award ("Reply") at 6, Docket No. 13.

The fact that no final award exists is also evidenced by case law, JAMS rules, and the California Code of Civil Procedure. *See New United Motor Mfg., Inc. v. United Auto Workers Local 2244*, 617 F. Supp. 2d 948, 954 (N.D. Cal. 2008) (quoting *ConnTech Development Co. v. University of Connecticut Educ. Properties, Inc*. 102 F.3d 677, 686 (2nd Cir. 1996)) ("An award is 'mutual, definite and final' under § 10(a)(4) if it resolves all issues submitted to arbitration, and determines 'each issue fully so that no further litigation is necessary to finalize the obligations of the parties.'"); JAMS Employment Arbitration Rules and Procedures, Rule 24 ("The Award shall consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, as to each claim. Unless all Parties agree otherwise, the Award shall also contain a concise written statement of the reasons for the Award.") (available at Exhibit N to Opp., Docket No. 8-1 at ECF Page 103); Cal. Civ. Proc. Code § 1283.4 ("The award shall be in writing and signed by the arbitrators concurring therein. It shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy."). Because there is no final arbitration award to vacate, the Court **DENIES**

Plaintiff's Motion to Vacate Arbitration Award.[1]

The Court notes that Plaintiff also asks "that this Court grants to Claimant default judgment, plus any punitive damages that this honorable court deems just and proper or, in the alternative, grant Claimant a 'Right to Sue' in Federal or State Court since, neither JAMS, nor anybody for that matter, can offer any guarantees that, what had happened before (the events that had led Claimant to file this motion), won't happen again." Mot. at 25. However, none of these forms of relief would be proper to award at this time or in furtherance of a Motion to Vacate Arbitration Award. Should Mr. Priast wish to pursue his underlying claims through litigation, he must file a lawsuit and be prepared to respond, *e.g.*, to a motion to compel arbitration from Defendant.

To the extent that Mr. Priast intends to file a lawsuit related to his underlying claims in this case, he is encouraged to seek assistance that is available to pro se litigants from the Legal Help Desk. Help Desks are located at the San Francisco and Oakland Courthouses and assistance is available by appointment. The San Francisco Help Desk is located at 450 Golden Gate Ave., 15th Floor, Room 2796, San Francisco, CA 94102. The Oakland Help Desk is located at 1301 Clay

///
///
///
///
///
///

---

[1] In interpreting the Federal Arbitration Act, the Ninth Circuit has stated that "a district court's authority is generally limited to decisions that bookend the arbitration itself. Before arbitration begins, the district court has the authority to determine whether there is a valid arbitration agreement between the parties, and if so, whether the current dispute is within its scope." *In re Sussex*, 781 F.3d 1065, 1071 (9th Cir. 2015). The Act "does not suggest that a court could otherwise intervene before a final award is made," *id.* at 1071–72, at which point, "the parties may petition the district court to affirm the award, or to vacate, modify, or correct it," *id.* at 1072. (citing 9 U.S.C. §§ 9–11). Thus, "judicial review prior to the rendition of a final arbitration award should be indulged, if at all, only in the most extreme cases." *Aerojet-Gen. Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973). The Ninth Circuit has also observed that "[t]he majority of our sister circuits expressly preclude any mid-arbitration intervention." *In re Sussex*, 781 F.3d at 1073.

Street, 4th Floor, Room 470S, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982.  See also http://cand.uscourts.gov/helpcentersf.  A free handbook for pro se litigants, entitled Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, is also available free of charge for download at https://www.cand.uscourts.gov/prosehandbook.

This order disposes of Docket No. 1.

The motion to vacate arbitration award is **DENIED**.

Dated: February 5, 2020

_____
EDWARD M. CHEN
United States District Judge